**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FRANCISCO MELENDEZ-URQUIZA,<br><br>          Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 09-72066<br><br>Agency No. A096-229-367<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Juan Francisco Melendez-Urquiza, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order. We have jurisdiction under 8

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo claims of constitutional violations and questions of law, *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009), and we deny the petition for review.

Contrary to Melendez-Urquiza's contention, the agency's interpretation of the hardship standard for cancellation of removal falls within the broad range authorized by the statute. *See Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1004-06 (9th Cir. 2003). It follows that his due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and substantial prejudice to prevail on a due process claim).

We reject Melendez-Urquiza's equal protection challenge. *See Dillingham v. INS*, 267 F.3d 996, 1007 (9th Cir. 2001) ("In order to succeed on his [equal protection] challenge, the petitioner must establish that his treatment differed from that of similarly situated persons."), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011).

Melendez-Urquiza's contention that the Attorney General exceeded his authority in promulgating 8 C.F.R. § 1240.26(i) is now foreclosed by *Garfias-Rodriguez v. Holder*, No. 09-72603, 2012 WL 5077137, at *16-20 (9th Cir. Oct.

19, 2012) (en banc) (holding that the promulgation of 8 C.F.R. § 1240.26(i) was a proper exercise of the Attorney General's authority).

**PETITION FOR REVIEW DENIED.**